UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CARRIE SHIELDS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 3:25-CV-01294-X |
| | § | |
| WAL-MART STORES TEXAS, LLC, | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Wal-Mart Stores Texas, LLC's (Walmart) motion for summary judgment. (Doc. 24). After reviewing the motion, briefing, and applicable law, the Court **GRANTS** Walmart's motion for summary judgment.

## I. Background

On July 22, 2023, a customer spilled five blueberries near a Walmart self-checkout station. Plaintiff Carrie Shields approached the station seventeen minutes later, slipped on a blueberry, and injured herself. Surveillance footage captured the chain of events. The following image depicts the moment after the blueberries spilled.



Between the spill and the accident, a Walmart employee briefly walked by the blueberries twice and stood near the blueberries once with her back turned. Shields herself testified that the blueberries were hard to see. And Shields provided no evidence that any Walmart employee or customer saw the blueberries. Shields sued Walmart alleging premises liability, and Walmart now moves for summary judgment.

## II. Legal Standard

District courts can grant summary judgment only if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1] A dispute "is genuine if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party."[2] If the movant presents a properly supported motion, "the burden shifts to the nonmoving party to show that summary judgment is inappropriate."[3] "[M]ere allegations or denials" will not suffice; nor will "unsubstantiated or conclusory assertions that a fact [dispute] exists."[4] The nonmovant must present "evidence sufficient to support a jury verdict."[5]

## III. Analysis

The Court grants Walmart's motion for summary judgment because Shields fails to identify a genuine dispute of material fact concerning Walmart's knowledge of the hazardous condition. Texas substantive law controls Shields's premises

---

[1] FED. R. CIV. P. 56(a).

[2] *Goodson v. City of Corpus Christi*, 202 F.3d 730, 735 (5th Cir. 2000) (cleaned up).

[3] *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

[4] *Id.*

[5] *Id.*

liability claim.[6] Under Texas law, Shields must prove that "(1) [Walmart had] actual or constructive knowledge of some condition on the premises; (2) the condition posed an unreasonable risk of harm to [Shields]; (3) [Walmart] did not exercise reasonable care to reduce or to eliminate the risk; and (4) [Walmart's] failure to use such care proximately caused [Shields's] personal injuries."[7] Walmart moves for summary judgment solely on the first element—the knowledge element.[8]

Texas courts use the time-notice rule to determine whether a party has constructive knowledge (meaning the party should have known about the hazard had they exercised reasonable care).[9] The time-notice rule requires Shields to show that: (1) Walmart created the condition; (2) Walmart actually knew of the condition; or (3) it is more likely than not that the condition existed long enough to give Walmart a reasonable opportunity to discover it.[10] Shields does not contend that Walmart created or actually knew of the hazardous condition, so the Court will analyze constructive knowledge based on whether Walmart had a reasonable opportunity to discover the blueberry spill.[11]

"To determine whether [Walmart] had constructive knowledge, Texas courts examine the proximity of employees to the hazard, the conspicuity of the hazard, and

---

[6] *See Dixon v. Wal-Mart Stores, Inc.*, 330 F.3d 311, 314 (5th Cir. 2003).

[7] *Id.* (citing *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992)) (cleaned up).

[8] Doc. 24 at 1.

[9] *See McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 358 (5th Cir. 2017) (citing *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814–15 (Tex. 2002)) (cleaned up).

[10] *See id.*

[11] *See* Doc. 26 at 5–7; *Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 567 (Tex. 2006).

how long the hazard was in place."[12] This inquiry is fact-dependent such that "a particularly conspicuous hazard, or an employee's close proximity to an inconspicuous hazard for a continuous and significant period of time may reduce the amount of time within which [Walmart] should have become aware of the dangerous condition."[13]

The Fifth Circuit has affirmed summary judgment in circumstances similar to this case.[14] In *Shirey*, a Walmart employee walked past a single green grape shortly after it fell off a customer's cart and onto an off-white floor.[15] Seventeen minutes later, the plaintiff slipped and fell on it.[16] The district court granted summary judgment on the plaintiff's premises liability claim.[17]

The Fifth Circuit affirmed summary judgment, concluding that "the seventeen minutes during which the inconspicuous grape was on the floor did not afford Walmart a reasonable time to discover and remove the hazard."[18] The Fifth Circuit further reasoned that "the few seconds during which the employee passed by the

---

[12] *Shirey v. Wal-Mart Stores Texas, LLC*, No. CV H-15-3368, 2017 WL 1177967 at *2 (S.D. Tex. Mar. 30, 2017), subsequently *aff'd sub nom. Shirey v. Wal-Mart Stores Texas, LLC*, 699 F. App'x 427 (5th Cir. 2017) (citing *Spates*, 186 S.W.3d at 567) (cleaned up).

[13] *Shirey v. Wal-Mart Stores Texas, LLC*, 699 F. App'x 427, 428 (5th Cir. 2017) (citing *Reece*, 81 S.W.3d at 816) (cleaned up).

[14] *See* 2017 WL 1177967, at *1.

[15] *Id.*

[16] *Id.*

[17] *Id.*

[18] *Shirey*, 699 F. App'x at 429 (cleaned up); *see also Brookshire Food Stores, L.L.C. v. Allen*, 93 S.W.3d 897, 901 (Tex. App.—Texarkana 2002, no pet.) (concluding fifteen minutes too short for constructive notice); *Garcia v. Ross Stores, Inc.*, 896 F. Supp. 2d 575, 580 (S.D. Tex. 2012) ("A dangerous condition that has existed for forty-five minutes or less has been considered to be legally insufficient to show constructive knowledge.").

grape did not provide an objectively reasonable opportunity for him to see it, notwithstanding his employer's policy that he perform visual sweeps for hazards."[19]

Like in *Shirey*, Shields raises no genuine dispute of material fact as to whether Walmart had constructive notice of the spilled blueberries. In both cases, the hazard only existed for a short time. In *Shirey*, the plaintiff slipped on a green grape around seventeen minutes after a customer spilled it; here, Shields slipped on a blueberry around seventeen minutes after a customer spilled it.[20]

Furthermore, like in *Shirey*, the fruit was inconspicuous due to its coloration and size. In *Shirey*, a green grape fell on an off-white floor; here, five blueberries fell on a gray cement floor.[21] Shields does not dispute that the blueberries "were hard to see" and small.[22] Nor does Shields provide evidence that any employee or customer saw the blueberries.[23] So the blueberries, like the grape in *Shirey*, were relatively inconspicuous given their size (smaller even than a grape), coloration, and the lack of evidence that anyone noticed their existence.

Finally, like in *Shirey*, the employee spent only a short time in proximity to the fallen fruit, and this brief time did not provide Walmart with constructive knowledge. In *Shirey*, an employee passed the grape "for a few seconds";[24] here, the Walmart

---

[19] *Id.* (cleaned up); *see e.g.*, *Robbins v. Sam's E. Inc.*, No. 21-20050, 2021 WL 3713543, at *2 (5th Cir. Aug. 20, 2021) (noting that an employee's proximity to hazard does not mean store had notice); *Dixon v. Wal-Mart Stores, Inc.*, 330 F.3d 311, 315 (5th Cir. 2003) (noting that "accident's occurrence just two feet from a cashier is, by itself, nondeterminative of Wal-Mart's constructive knowledge.").

[20] *See* Doc. 26 at 6 (blueberry); *Shirey*, 2017 WL 1177967, at *1 (green grape).

[21] *See* Doc. 26 at 6; *Shirey*, 2017 WL 1177967, at *1.

[22] Doc. 26 at 6.

[23] *See* Doc. 26 at 6–7.

[24] *Shirey*, 699 F. App'x at 429.

employee passed the blueberries for fewer than ten total seconds.[25] The Walmart employee also stood near the blueberries with her back turned to them for an additional thirty seconds.[26] But this small difference from *Shirey* does not create a genuine dispute of material fact because the employee faced away from the hazard.[27] Mere proximity to a hazard does not mean the employee had notice.[28]

Accordingly, Shields presents no genuine dispute of material fact that dissuades the Court from following *Shirey* given the substantially similar facts regarding accident timing, inconspicuousness, and employee proximity. So the Court finds that Walmart had no constructive knowledge as a matter of law. Accordingly, the Court **GRANTS** Walmart's motion for summary judgment.

## IV. Conclusion

For the above reasons, the Court **GRANTS** Walmart's motion for summary judgment. Accordingly, the Court **DISMISSES WITH PREJUDICE** Shields's premises liability claims.

**IT IS SO ORDERED** this 15th day of September, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

[25] *See* Doc. 25 at 14 (9:11:43 – 9:11:48; 9:17:22 – 9:17:57); Doc. 26 at 7.

[26] *See* Doc. 25 at 14 (9:11:43 – 9:11:48; 9:17:22 – 9:17:57); Doc. 26 at 7.

[27] *See* Doc. 25 at 14 (9:17:22 – 9:17:57); Doc. 26 at 7.

[28] *See Dixon*, 330 F.3d at 315.